CASE 24—PETITION ORDINARY—OCTOBER 28.

# Evans' Administrator v. Lytle.

APPEAL FROM ROBERTSON CIRCUIT COURT.

1. LANDLORD AND TENANT—ATTORNMENT.—After a tenant has been evicted by his landlord and becomes the tenant of another, who in turn has dispossessed the landlord, he may hold the property adversely to his former landlord without subjecting himself to the penalty of double rent.

WINFIELD BUCKLER FOR APPELLANT.

1. A tenant is estopped to deny his landlord's title or set up any claims adverse to it. Barbour's Digest, vol. 2, p. 901; Trabue v. Lamage, 80 Ky., 323; Saunders v. Moore, 14 Bush, 97.
2. The judgment in the forcible entry and detainer suit of Evans v. Lytle is in full force and effect, and is conclusive of the right of Mrs. Evans to the possession of the land. Black on Judgments, sec. 663; Pollard, &c., v. Otter, 4 Dana, 517; Norwood v. Kirby, 70 Ala., 397.
3. The relation of landlord and tenant between these parties was fixed by the judgment of forcible entry and detainer, and appellee can not be heard to say that any facts occurring prior to that time would destroy that relation.
4. Burika having died between the date of the sale and its confirmation, and being a party to the suit, the sale could not be confirmed until his heirs were before the court. Gardner's Adm'rs v. Roberts, 4 Ky. Law Rep., 614. Therefore the order confirming the sale and the writ of possession issued were void.

HANSON KENNEDY FOR APPELLEE.

1. There was no attornment by appellee because he was regularly evicted from the premises by his landlord and could not and did not deliver the possession of same to any one.
2. But if appellee was guilty of attornment, the same was done in consequence of a judgment of court and was valid. Ky. Stats., sec. 2298; McMurtry v. Adams, 3 Bush, 70.
3. The defendants in the suit of Burika v. Evans consented for the action to be revived in the name of the administrators, and the administrators being proper parties to the action, even though the heirs were also proper parties, the order was voidable and not void. Newberg v. Munshower, 23 Am. Reps., 769.
4. Appellee's answer pleading that a writ of possession was issued

Evans' Administrator v. Lytle.

by virtue of the judgment and order of court was traversed of record and not equivalent to a plea of *nul tiel* record. If appellant desired to rely upon the fact that the order of revivor, and the order confirming the report of sale, and the order granting a writ of possession, were each and all void, he must plead that there is no such record.

5. Appellant's intestate having dispossessed her tenant, he can not maintain this action under the provisions of sec. 2293 of the Statutes.

JUDGE DuRELLE DELIVERED THE OPINION OF THE COURT.

The appellant instituted an action to recover of appellee double rent for a tract of some fifty-four acres of land, upon the ground that appellee had been a tenant of appellant's intestate in 1890, under a contract of rental to expire on March 1, 1891, and after the expiration of the term had refused to deliver possession of the land when the same was demanded, and still held possession thereof.

One defense relied on is, that appellant's intestate had in March, 1891, sued out a writ of forcible detainer against appellee, the trial of which resulted in her favor, and thereafter a writ of possession was issued, and executed at 2 o'clock, p. m., on March 28, 1891, by the sheriff dispossessing appellee and putting Mrs. Evans in possession of the land; and further, that under a writ of possession issued in the suit of Burika v. Evans and others, Mrs. Evans was herself dispossessed of the land at 8 o'clock p. m., on the same day, and Frank Cleaver, receiver of Burika's estate, was put in possession by the sheriff, by whom appellee was afterwards put in possession as purchaser of the land from Cleaver and the heir of Burika.

It is contended by the appellant that the appellee is estopped to deny his landlord's title, and this would be true had the relation of landlord and tenant continued; but by

appellee's eviction at the suit of his landlord the relationship
ceased, and, while his re-entry followed hard upon his evic-
tion, an examination of the record leaves no doubt that his
eviction was actual. Having been evicted, he was at liberty
to become the tenant of any one who might thereafter come
into possession of the property, and this without reviving
his relationship of tenant to Mrs. Evans.

Much stress is laid by counsel for appellant upon the fact
that Burika was a purchaser at the decretal sale in the
suit in which the writ of possession was issued, died after
the sale and before the confirmation, and that the action was
revived in the name of the administrator and not of the heir,
by reason of which it is claimed that the order confirming
the sale was void, as well as the steps taken subsequently.
The issue as to whether the order was void or not was not
raised by the pleadings. The answers alleged her eviction
under the writ, and those averments were controverted of
record, but there was no pleading which raised the issue
argued. But, in our view, it is immaterial whether the order
was void or not. Appellant does not aver in his petition that
Mrs. Evans had title to the land, but only that she was in
possession thereof; and, as matter of fact, it appears from
her own pleadings in the cases consolidated as Burika v.
Evans—the records of which were read on the hearing—that
she never had title to this property. It makes no differ-
ence, so long as she was actually evicted from the posses-
sion—and there is no doubt of this fact—whether the judg-
ment under which the eviction took place was void or not.
She had actually evicted appellee; she was, thereafter, her-
self evicted, and, consequently, appellee's renting from the
receiver was not an attornment by a tenant to a third person.

The foundation of the rule that a tenant can not dispute his landlord's title lies in the fact that the tenant, by his possession, acquires an advantage given him by his landlord, and, therefore, it follows that, after the tenancy has commenced, if the tenant acquires a right adverse to his landlord he is bound to surrender his possession before he can assert it. After he has surrendered—or, as in this case, has been evicted by his landlord—he might sue and recover back possession on showing better title in himself, might buy an adverse title, or might become tenant to some other person who has come into possession of the property and hold it adversely to his former landlord, without thereby subjecting himself to the penalty of double rent. Holding these views, it is unnecessary to consider or decide the other questions raised.

Judgment affirmed.